**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-23489-ALTMAN**

**KELLY PARAMORE**,

      *Plaintiff,*

*v.*

**INTERSTATE MANAGEMENT COMPANY,**
**LLC**, *et al.*,

      *Defendants.*

_____/

## <u>ORDER</u>

In February 2026, the Plaintiff sued the Defendant 340 Biscayne Owner LLC ("340 Biscayne")

in state court. *See* Notice of Removal [ECF No. 1] at 1. In April 2026, the Plaintiff filed an Amended

Complaint (the "AC") [ECF No. 1-5], adding new Defendants. *See* Notice of Removal at 2–3. On May

18, 2026, the Defendants removed the case to federal court, invoking subject-matter jurisdiction under

28 U.S.C. § 1332. Although the AC states that "[t]his is an action for damages that exceed Fifty

Thousand ($50,000) Dollars," AC at 1, the Defendants point out that the Plaintiff's Initial Discovery

Disclosures "allege that as of April 17, 2026, her past medical bills total $129,374.43, and that her

special damages total $3,750,000.00, which include pain and suffering, disability, physical impairment,

disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of

capacity for enjoyment of life," Removal Status Report [ECF No. 7] at 2; *see also* Exhibit Initial

Discovery Disclosures [ECF No. 1-7]. The Defendants therefore conclude that "the amount in

controversy exceeds the sum of $75,000.00[.]" Removal Status Report at 2–3.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v.*

*Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Where a plaintiff fails to specify the total amount

of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction

must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Ibid.* "In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). And "when we evaluate whether the particular factual circumstances of a case give rise to removal jurisdiction, we strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (cleaned up).

The Defendants have failed to meet their burden here. To be sure, they've adduced evidence that the amount in controversy *might* exceed the requisite minimum. But "speculation that the amount in controversy me[e]t[s] the jurisdictional threshold d[oes] not satisfy" the Defendants' burden. *Bradley v. Kelly Servs., Inc.*, 224 F. App'x 893, 895 (11th Cir. 2007); *see also Marshall v. Ga. CVS Pharmacy, L.L.C.*, 580 F. Supp. 3d 1301, 1308 (N.D. Ga. 2022) (noting that "essentially emotional" injuries prove "inherently hard to quantify"); *Thornton by & through Hawthorne v. United Am. Ins. Co.*, 2019 WL 2321188, at *3 (M.D. Ala. May 29, 2019) ("[W]here . . . a plaintiff makes unsupported allegations regarding her purported damages during discovery exchanges, those naked assertions are not given great weight in making a damages assessment.").

"Under well-settled pleading principles, the plaintiff is the master of the statement of his claim." 14A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3702 (4th ed. 2025). So, "if the plaintiff chooses to ask for less than the federal jurisdictional amount in a state court complaint, absent a showing of bad faith *only the sum actually demanded is in controversy* even though the pleader's motivation is to defeat removal." *Ibid.* (emphasis added)). We thus cannot say that the Defendants have established *unambiguously* that the amount in controversy exceeds $75,000. And since "all doubts about jurisdiction should be resolved in favor of remand," *Univ. of S. Alabama v. Am.*

*Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999), we must send this case back to state court, *see Wilson v. Hearos, LLC*, 128 F.4th 1254, 1260 (11th Cir. 2025) ("[T]he statute provides two bases for remand: (1) a lack of subject matter jurisdiction that can be raised at any time before final judgment or (2) a defect other than lack of subject matter jurisdiction that must be raised within 30 days after filing of the notice of removal.").

### CONCLUSION

Accordingly, we **ORDER and ADJUDGE** as follows:

1. This action is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. All hearings and deadlines are **TERMINATED**, and all other pending motions are **DENIED as MOOT**.

3. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on May 28, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3